## Newhard's Estate.

*Auditor—Findings of fact—Illegitimacy.*

An auditor's finding of illegitimacy based upon sufficient evidence, and confirmed by the court below, will not be reversed by the Supreme Court.

Argued Feb. 5, 1901. Appeal, No. 260, Jan. T., 1901, by Thomas O. Ginkinger et al., claiming as next of kin of Martha S. Newhard, deceased, and as distributees, from decree of O. C. Lehigh Co., June T., 1899, No. 9, dismissing exceptions to auditor's report in the estate of Martha S. Newhard, deceased. Before MITCHELL, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Exceptions to report of Frederick M. Lewis, Esq., auditor.

The material portions of the auditor's report were as follows:

Your auditor finds from the evidence presented by the claimants the following facts:

1. That John Newhard, Jr., was married to Maria Horn, and had as the result of that marriage a daughter, an only child, who was Martha S. Newhard, the intestate.

2. That the wife of the said John Newhard (Maria Horn) died sometime before her husband, who died on April 4, 1887, testate, leaving a will by the terms of which he devised and bequeathed all of his property to his only child, Martha S. Newhard, absolutely.

3. That the said Martha S. Newhard, the only child of the said John Newhard and Maria Newhard, died intestate on February 6, 1899.

4. That Veronica (Terine or Franie) Miller was the mother of John Newhard aforesaid, and was after the birth of said John Newhard married to one Thomas Ginkinger.

5. That according to a leaf taken from the family Bible and

produced by the counsel for the Ginkinger claimants, Franie
Miller was the daughter of Thadeus Miller, and was married to
Thomas Ginkinger, February 25, 1821.   This statement as appearing on this leaf is signed by the said Franie in September,
1858.

6. That the said Franie Ginkinger survived her husband and
left to survive her the following children or their representatives : Thomas O. Ginkinger, Anna Maria Leh, a son and daughter ; Tilghman H. Ginkinger, a grandson, who was the son of
Tilghman H. Ginkinger, deceased, who was a son ; John Thomas
Ginkinger, Charles Walter Ginkinger, and Tillie May Ginkinger, great-grandchildren of the said Franie and children of her
grandson, John Thomas Ginkinger, deceased, who was a son of
Tilghman H. Ginkinger, deceased, and Clyde S. Nonnemacher,
a son of Uriah G. Nonnemacher, who was a son of Matilda M.
Nonnemacher, who was a daughter of said Franie.

7. Franie Miller was the daughter of Thadeus Miller and was
born at Baden, Germany.   She was a servant girl in the household of John Newhard, Sr., called Honnis Newhard.   At the
time Franie Miller was a servant girl in the family of John Newhard, Sr., the said John Newhard, Sr., was married to Margaret
(Shoener) Newhard, who was living, and they had several children.

8. That John Newhard, Jr., was born March 29, 1820, and
was baptized August 29, 1820, as is shown by the " Dauefshein,"
a copy of which is attached to and make a part of the testimony.
The "Dauefshein" or baptismal certificate shows that he was
given the name of John Newhard, and was named as son of
Terina Miller, who at that time was a single woman.

9. That John Newhard, Jr., admitted that he was illegitimate,
and according to the testimony of Jonas George, a son-in-law
of John Newhard, Sr., the father of John Newhard, Jr., he was
known in the family as the illegitimate son of John Newhard,
Sr.   Mrs. Joseph Newhard, the widow of Joseph Newhard, as
well as other witnesses, whose testimony was taken, says he was
known as an illegitimate in the family.

10. John Newhard, Jr., as will appear in the testimony of
some of the witnesses, recognized John Newhard, Sr., as his
father, and called him father.

.From the above facts your auditor has reached the conclusion

that the said Martha S. Newhard left to survive her no relations, or kindred on the part of her deceased father, John Newhard, Jr., and that her heirs at law and next of kin surviving her at this time are Elemina Kramer, an aunt, who was the sister of the deceased mother of the intestate, and A. H. Horn and A. J. Kemmerer, who are children of Henry Horn, deceased, who was a brother of the mother of said intestate; and A. H. Snyder, Jacob S. Snyder, Dallar Snyder and Sallie B. Worman, who are the children of Sarah Snyder, now deceased, who was married to Nathan Snyder and who was a sister of the mother of the said intestate. Your auditor is prompted to this conclusion particularly since the Ginkinger claimants to the estate have offered no evidence showing the pedigree through which they claim, and in the opinion of the auditor the burden is on them to show that they are the heirs of the intestate. The heirship or kinship of the Ginkinger as maternal relatives of the deceased is not disputed, but they have no claim, in the opinion of the auditor, upon this estate, since John Newhard, Jr., was clearly an illegitimate son of John Newhard Sr., having been born at a time when his father, and recognized by him as such, was married to Margaret (Shoener) Newhard, and Franie Miller, his mother, was a servant in the said John Newhard, Sr., family. The presumption in law, unless proven to the contrary, is that a child when born is legitimate, and this seems to have been in the minds of the counsel for the Ginkinger claimants, but it is so clearly proven, in the opinion of your auditor, that John Newhard, Jr., was illegitimate, even by his own admissions, that this presumption in his case could not arise.

The auditor made distribution in accordance with the report.

Exceptions to the report were dismissed in an opinion by ALBRIGHT, P. J., the material portion of which is quoted in the opinion of the Supreme Court.

*Errors assigned* were in dismissing exceptions to auditor's report.

*Horace M. Rumsey*, with him *Frank Jacobs*, for appellants.

*Edward Harvey*, with him *Robert E. Wright* and *Marcus C. L. Kline*, for appellees.

OPINION BY MR. JUSTICE MITCHELL, May 27, 1901 :

The decedent died intestate, unmarried and without issue. Appellants claim through the father, and appellees are relatives in the same degree, claiming through the mother. Whether all shall share in the distribution or only the appellees depends on the single question of fact whether the father was of legitimate birth so that inheritable blood might be traced through him to collaterals. The auditor found against the appellants, and in reviewing his finding on exceptions the learned judge said : " Exceptants' counsel have urged that every intendment shall be made in favor of the legitimacy of John Newhard, Jr., the father of the intestate ; that the court shall regard the evidence (all of which was introduced by the opposing party) as if called upon to pass upon it originally, that the auditor's findings are mere inferences ; that much of the evidence ought to be rejected because improperly received ; that it ought to be taken that the value of the testimony of witnesses who were admissible, is seriously impaired by the fact that against repeated, almost constant objection, questions leading and suggestive of the desired answer were permitted. If the case is viewed in the manner above suggested it is manifest still that the exceptions cannot be sustained. The single question is whether it is proved that John Newhard, Jr., was illegitimate. An examination of the testimony of the witnesses who were competent, and a consideration of what they meant to say and did say leaves no room to doubt the illegitimacy of John Newhard, Jr. That is so plain that discussion is unnecessary."

We affirm the decree on this finding.

Decree affirmed with costs.